May be seated Last case this afternoon is 411-0588-0602 Bank of Champaign vs. Wells Fargo Bank at all show appearance of Carl Tenney How are you sir? And Joseph Chamblee you are here, okay? Mr. Tenney you may proceed As you come up by the way, let me mention We asked for counsel to be here half hour early, so we can start early if our schedule permits it You're here a half hour early. We are doing that. I want to thank you both for doing well may proceed Do you please court? helpful I Find that we have a rather narrow focus as These things are relatively speaking And I also have the understanding That's been my experience that you've read the briefs and all the record you're familiar with them. I will just say again We're here. We're asking you to reverse Judge Leonard's Judgment he of course granted some of the judgment in favor Champaign denied a cross-motion summary judgment by Wells Fargo All we're talking about priority of mortgage liens in this property and Judge Leonard's It's a well-written opinion or a memorandum of order, but his his premise his Focus and his sole basis for the ruling that he made was that Mr.. And mrs.. McWilliams The mortgagors of course had nothing to convey When they gave this a B and mortgage the first mortgage, but isn't that right I? Mean yeah, and by the way, I I'm going to ask you several questions about this because I don't have much personal experience on I'm trying to put this together and You have to kind of explain to me. What's going on here, but I mean isn't basic property law stuff once they Conveyed to the trusts that they no longer were in possession of any Interest in this property for they individually you're correct individually. They did not any longer have Legal title to that property, but keep in mind these trusts that they conveyed to which were part of the record are these They're known as living trust or revocable trust grant or trust. They're created My experience only for one purpose and that is to avoid probate put your assets in the insurance in this trust and Appointed successor trustee so when you die nobody has to go to court of course if we have a situation like this where you can Mortgage the same property repeatedly there might be greater interest in land trusts Although I take it an individual could mortgage the same property repeatedly as well. Let's see. That's the thing I think maybe you've touched on it Get to if I'm bank champagne, and I'm doing a title search And I want to find out whether or not Who owns this property and it turns out that it's this trust of What's their name the William and Myra trust? That owns this property, and there are the deeds for it and that trust hasn't otherwise Conveyed anything or the property looks otherwise Like it's fee simple absolute than these folks. I'm thinking okay Well, they own it and I can give the trust a mortgage Why would I think that I Have to look as well do a title search and William and Myra McWilliams To see whether or not they conveyed the same property and whether or not Somehow that might adversely affect What the trust is boarding mortgage? Well because the search would the search would be Of the real estate they search the real estate premises that they're contemplating them Taking a mortgage in and when they do that they will find it would have found should have found the mortgage that had been given By mr.. And mrs.. McWilliams individually prior to Bank Champagne's mortgage So they they would they would it would be on notice that that mortgage had been given which would at least raise the question Was that you know was that mortgage valid or was it not our position is it is a valid mortgage It was given by mr.. And mrs.. Williams. They signed it individually and When when judge Leonard says that they had nothing to convey We respectfully take issue with that because they certainly did have something to convey they had the same interest as trustees to convey they could have made a second mortgage or third mortgage or fifth mortgage as trustees and and the striking thing is that they They're not only the beneficiaries, but the trustee we have some of these land trust cases which have been cited in In our briefs we're a beneficiary of a land trust who almost without exception has The power to direct the land trustee who holds legal title to do things to mortgage it to sell it to do other things No, but people as I understand it again. This is not my Area of experience, but I it seems to me that there are people who? can wear multiple hats and That it's important under the law to keep them separate that is William McWilliams and Ira McWilliams Have their own separate Interests and property and whatnot and they can transact business and make contracts etc in their own name And in this case they're also trustees of a trust They might also have been as an example in a partnership or maybe president of a corporation But the point is it seems to me that as you're making legally Binding Documents and signing it you you have to and people Should be required That you're going to keep these capacities Separate after all a trust is a separate legal entity is it that yes it is like a partnership or a corporation and For instance if William McWilliams happened to be president of Bertholdt Inc and he signed William McWilliams Say well, I obligated Bertholdt Inc. Well. No you do it maybe if you sign a contract as president of Bertholdt Inc. You might have but It seems to me that these distinctions have to be Respected and recognized and my problem with your position your counsel is You're arguing against doing so Well, but it it's a matter of intent in every regard and your example about Mr.. McWilliams being the president of Bertholdt Inc. It's very much like the one of the cases that we cited were one of the parties named post. I think that's the defendant and An individual who was an officer of a corporation signed a note individually and Then the bank pursued him individually For liability under the note and He testified and even the people at the bank testified that their intention all along was to bind the corporation not the individual Which case is that? The defendant's name is post I See it first base first bank and trust company Valentine versus post okay, go ahead and then I mean that and that that flows directly into this whole more more more specifically what we're talking about today equitable mortgage and The whole the upshot of an equitable mortgage in the in the Cuddy's Gurney case Is the one I'm principally relying on or? Referencing here, but there's there's much language to this effect in that case all that is required for an Equitable lien is the intent of the parties to pledge a specific property as security for a specific obligation But that's of the parties isn't it I mean The the bank here was no party to this business. They didn't the bank thought You know who's dealing with a trust or not dealing with a trust as the case may be if if the parties for instance understood what they were that this oh, yeah, I'm Really signing this is president of Berthold Inc. And they all knew it and this was a contract with Berthold Inc. I suppose that might be one thing, but that's doesn't seem to be what occurred in this case is it well I? Would say what occurred was that they did both? the McWilliams's and ABN mortgage Intended that a mortgage be given for the debt in question now Then you get to that that has to have been the intent of mr.. And mrs.. McWilliams And I understand that they can what about the bank would they maybe they did they have any idea they're dealing with the trust I don't think so It's unthinkable that they would not have intended to get a mortgage If they if they went to the trail they had the document what if they were crooks? And they thought you know we're going with this bad economic times Maybe we can mortgage the same property twice and get a half million bucks That's not how it appears from the document well But if if we were to agree with your argument Wouldn't we be opening the door for just that? Well my argument is that the intent of mr.. McWilliams mr.. Mrs.. McWilliams individually Can't be distinguished from their intent as trustees. They can only have one state of mind I understand they can have two legal capacities, but they can't while signing their names Be intending something individually not intending it as trustees. They are the trustees They undoubtedly had the capacity to bind the trust to make this mortgage. That's what they wanted to do We don't the mortgage referred to the trust at all no So the fact that there was a trust doesn't exist anywhere, and it's they signed their names and just Yes McWilliams is the printed part of the mortgage only identified them individually did not So it's not just that they signed the name. There's no reference at all to mark trust. You're correct. Did anybody do a title search? Anywhere along the line, I don't know But the point is you have these parties are all the same room they It's clear from the documents They wanted to give a mortgage the McWilliams's had on their minds their intent They want to give the mortgage because they want the proceeds of the loan which were on what they're used for But certainly for their benefit and the bank ABN obviously would have wanted to have that mortgage they wouldn't loan the money without the security so the parties And whether we distinguish McWilliams individually or trustee. I don't I don't know that we can Everybody wanted to accomplish the same thing they wanted a mortgage on these premises in question And that's the whole nature of the equitable mortgage recognized by statute recognized by law and I Don't I don't believe addressed by Judge Leonard. Well you reference to his big reference to his order, and I read it over and No, it looks to be a sound bit of legal analysis Where did he go wrong? He did not apply the law of equitable mortgages. He did not look to the intent of the party The intent of the parties was to make this mortgage That's what it is it's a mortgage document Well the intent of the parties David to make a mortgage, I mean the ABN you know how about Joe Smith walks in off the street and says I want to mortgage this property at 14 Greencroft and They say sounds good to us, and they give him $250,000 and a mortgage and Joe Smith doesn't own a damn thing connecting the property, but by God they intended to mortgage it They all did No, but Joe Smith would not have had the legal capacity to do that mr. Mrs.. McWilliams had the legal capacity as trustees of their respective trust to make that morning Well, then they could have obligated if the trust is the mortgage or mortgagee And they're signing as trustees of the trust that's true But they individual individually have no more Property ownership in their property than Joe Smith But as trustees they do and their intent you can't distinguish. We suggest anyway. You can't distinguish their intent from an individual capacity versus a trustee Capacity is there any indication in the record at all? That this was done purposefully To try to seek an advantage for any party or for any reason no So one would infer that it was inadvertent Yes, and if you were advising clients you would say sign in your capacity if your trustees signs trust Yeah, although I think the error was more likely with the Tell by a title search that the property has been transferred into those trust their documents should have been I mean the mortgage Should have been Should have made the trust the grand tours. I think that's where the error was I don't know They don't care. This is what the money The papers so so champagne make champagne when they Reached an agreement to mortgage this property did it with the trust They did it the way ABN should have done it, and they're now going to be stuck And when you say there's no reason to think that there wasn't anything up and up here How exactly is it that a few years later the McWilliams is through their trust a mortgaging the same property I? Think people do that all the time They you know they refinance for better rates, but they didn't use it to pay off the earlier one They just now got a half million dollars don't they? they If they use it to pay off the earlier one, then we wouldn't be talking about Wells Fargo paying off the area So the only reason theoretically the bank champagne would have done that was if the McWilliams is their trust technically had Sufficient equity in the house over and above the amount of the ABN mortgage, which happens all the time second mortgage house is worth 200,000 is there any indication that that this is a second mortgage It's worth the same amount as the first one is it about 250,000 I thought I don't remember. I'm trying to recall, but it I mean We're talking about essentially Mortgaging the same property twice and about the same dollars  Now I'm as I say no great financier, but I think I'd probably figure out something's going on here I can't do that. I can't I can't mortgage my house for $200,000 twice in six months Well, but obviously Bank Champagne was persuaded that it was kosher so to speak and theoretically they would have been on notice That's because they're dealing with the trust is the owner of the property But their type their title insurance would have shown the ABN mortgage, which would be like the Joe Smith mortgage Now they'll say this Joseph Morris this property to well, who's he? He's not the owner He's not the owner And mr. Mrs. McWilliams were not the owners, but they were the trustees of the trust that owned it and it it's You know obviously the whole concept is one of equity. It just seems inequitable What if the Williams had signed what if this mortgage signed by by the McWilliams to ABN went in default and ABN Pursued a mortgage foreclosure is that going to be a good defense for the McWilliams this and they come in and say You can't foreclose on us because we didn't own it when we signed the mortgage You know what I mean, it's not a valid mortgage. You didn't get the signature of the trust I don't think that would fly and that's a little more obviously a little more Unconscionable than this situation, but it's the same thing from an equitable perspective Everybody knew what was supposed to happen somebody screwed up on the technical aspects of the paper But still that's what we have equity to do to fix the problem So the title search would have shown The property as being When bank champagne did it should have shown the property is being mortgaged to the McWilliams Yes And I'd be happy to have mr. Chandler comment on that as well, but my understanding of title The title search title work process is that the title company searches the land they search the legal description So had they done that they would see they would have seen the ABN mortgage And at least raised a suspicion I suppose somebody back could have been really sophisticated said oh I I know that that mortgage is no good because that's not signed by the trust, but no no No, no Loan committees ever going to do that is there any indication record? You know we're just sitting here speculating, but how it is that we had these multiple mortgages taken out Fairly short period of time by the McWilliams nothing nothing that I know of course I other than to say that third mortgage, which is the Wells Fargo mortgage Originally Revere, but we were the S&E right the proceeds of it of course were used to pay off the ABN That's why how much was your mortgage? Over $200,000 yeah, I don't remember off the top of my head, but it was significant. It was enough Obviously to pay off the I think it was over $200,000 paid off the ABN Is there a reason to believe this residence is worth more not any of this are we talking about? Equity The McWilliams is maybe a million dollars worth of house, or I don't know I doubt it but the the Revere mortgage that the Wells Fargo mortgage that makes sense because Revere at the time knew that they were going to they were going to inherit the position the ABN Yeah, it seems like the bank champagne where it's a little harder to explain Given that they would take on the record subject to the ABN mortgage Well the fact that they're filing a complaint for foreclosure indicates that the McWilliams don't have the bucks and I suspect if there was a million dollars worth of equity Everyone could be taken care of they wouldn't be concerned. I think you're right about this Thank you Okay, mr.. Chamblee Please the court I'm Joe Chamblee representing bank champagne in this matter your honor. We believe that Judge Leonard got it right when judge Leonard granted bank champagne's motion for summary judgment We're asking that this court affirm judge Leonard's grant of summary judgment favor of bank champagne we believe that Judge Leonard that Wells Fargo is asserting that Equitable powers must be used by the circuit court now this court to overcome two fundamental flaws One is that the ABN mortgage was executed by the wrong parties It was executed by the individuals and should have been executed by individuals as trustees Not only the ABN mortgage was done for him properly But also later the Revere which was later assigned to Wells Fargo mortgage was simply done in properly was simply done the wrong parties I guess That the McWilliams is to again not the trust Yeah, what you're saying? Yes the McWilliams and their individual capacities Executed both the ABN mortgage the first one which was in 2007 and then the individuals McWilliams executed the ABN mortgage in 2008 and And when was this spring champagne Morgan in 2007 Six months later after the first one Yeah, yes, if you're so roughly yes, if you're so is there and how much are these mortgages for I have some of that your honor The I Believe in the nature of two hundred and fifty thousand dollars. I know we have that in the record each Roughly other than the bank champagne mortgage, and this is is in the record tangentially there were other relationships that bank champagne had with The McWilliams namely a business and that is in the record tangentially And so that's something that Is a fact so roughly so the bank champagne mortgage was actually Had a stated maximum lien of seven hundred and fifty thousand dollars But 250,000 was passed out in the mortgage is that what happened For bank champagne, I'm not sure How much money did bank champagne give to the McWilliams? Trust on the mortgage. I don't know the answer to that. I don't think the record is entirely clear about that issue Your honor May have been because of issues of refinancing their entire the business and Williams Their loans that are also other business related loans of which this property was pledged to Make champagne as additional. Well you heard mr. Suggests that this was a misunderstanding. I'm having a little trouble understanding how that could be Given the time factors it sounds to me like Maybe the McWilliams were in the business of mortgaging the same property twice Then you got away with a half million dollars worth of cash here Well, there's nothing in the record to suggest that I would want to other than the times in which it occurred The times they are your honor that there's no question about that. No the first two mortgages occurred within six months That's correct. That is correct There there is and this is part of the record your honor the McWilliams did eventually Go into bankruptcy and file for bankruptcy And this property was actually sold with the Blessing with the permission of the trial court and this is in the record with the stipulated sale between both main champion and Wells Fargo and I think Do we know what it was sold for? We do and I apologize. I don't have that right in front of me. I think that it was approximately 275,000 pretty much the mortgage Covered the whole thing I mean there We're not talking about a house with a lot of equity beyond the mortgages involved that that's correct. That's correct Yeah, I can't say this property eventually did not sell for a million dollars, and I apologize I don't have the exact sales price, but it is in the record that eventually during the course of this process Realized we'd rather fight over money than a piece of real estate Well you heard also mr.. Tenney mentioned about how gee this should have been picked up on the title search Again I'm not much of a real estate lawyer. No title searches though Based on the property it can be your honor. What would it be? even though that McWilliams's had nothing to Convey as judge Leonard said nonetheless if they had a title or a mortgage in their Personal capacities On fourth was a 14 crop Yes What did that show up in the title search or shouldn't it show up it it might And I have not a brief this, but I'm prepared to at least answer your question that Title search can be as much of an art as a science in my knowledge your honor There is a search that can be of the property there also can be Grantor grantee searches which search by who is the prior? Grantee and that focuses on who is the owner of the process so the owner was the McWilliams trust and if they search The CE has McWilliams trust, but not any other mortgages the answer would have been no that's correct That's correct if it were if it were a grant or grantee search and purely a grant or grantee search and again I'm this is not Representing that it is who I've asked yes that it could be simply a search of The grant last known grantee which we know from all for the McWilliams and their individual capacities executed and recorded Quit playing deeds into trust those are a matter of our record here where they? Individually conveyed their interest to these respective trusts, so if there's a search of the ownership It wouldn't wouldn't even show any one it would show the trustees are still the owners because they had conveyed it by they had conveyed fee simple title and It wouldn't even show the avian amiral mortgage or the revere mortgage because they had not been granted by the owner namely the trust And the recorder of deeds would show the trust as being Both the owner and the mortgaging correct, but we don't know which kind of search was done in this case. No we do not So if you sign something and you don't designate your capacity in signing it And that which you sign is a mortgage The mortgage is invalid Well, it's invalid it's It's invalid to the extent that another party namely bank champagne in its search May have identified and created a mortgage to be executed by the proper true owner Namely the trust and bank champagne is later harmed by the fact that oh This other mortgage is coming into the picture, which was yes executed prior in time, but not executed by the proper parties so So if I can if I can try to address your question more squarely If there's an issue of saying the avian mortgage equitably should be Allowed to exist in force Nomenclature then what that means is bank champagnes mortgage Which was signed and executed by the true proper owners would because would be just thrown out and What mr.. Tinney posed the you know there's a default ABN tries to get its money The parties say well You can't come after I mean you can't do that You can't go after the trust we signed in our individual capacity My work, I don't believe it should work because Between those parties and between only those parties yes, it was their intention to grant a mortgage Well, they can only grant a mortgage if they've got the power to do so that's correct And they have the power to do so as trustees as trustees and only as trustees I Think it's possible if they're the trip if they're the grantors of the trust the beneficiaries of the trust and the trustees They're the only people in the world that have any authority over that property At that point It's the only people in the world that can do anything with that property Yes other than the trust agreement does identify eventual successor trustee well, but Okay, but some but that's the Future there may be somebody in the future. They will have authority that is correct. That is correct and and and Quite quite bluntly form really matters in this situation If it's not being executed in their proper capacity You know maybe it's not enforceable Our position is that it certainly is not enforceable where a third party in this situation Bank Champagne is injured by their inability to get it done, right and It's possible that a BN Amaro if a BN Amaro were enforcing its Position mortgage might have other causes of action other than pure mortgage contract for example reformation of a contract That might be a cause of cause of action that a BN Amaro could have used to enforce their Possibly quote against the McWilliams yes, that's correct and against yes, but you claim to be the innocent third party Bank Champagne Yes Yes We'll accept that The novices here are thinking if I want to buy some land I want to lose the land So I do a title search, but the title search is for you know fells half acre Evan subdivision and the title shirts shows me that a trust owns it and that it's mortgage Right Yes, is that right I think that What you said previously if you only get a grant or grantee search? You wouldn't find The Amaro mortgage, why would you do that kind of a search? I Money save what about searches on you don't search the property routinely you do grant or grantee well Or you do, but I mean how does this work? I've never searched that It can be done both ways and obviously the best is to do it to do it both ways right Frank is to go through a grant or grantee index and by property And again, this is outside of the record here, but but often I'll just speak for my other outside general knowledge often title companies They have a title plant that where they actually combine into one file both sets of information and so this by By use of title companies and and the way they conduct their business They actually have blurred the line significantly to the grant or grantee search and a property search But from a pure just title search those are the kind of two different methodology Should we presume that a grant or grantee search is cheaper than a full title search I Don't know the answer to that your honor Well if you were if you were in the process of doling out a quarter of a million dollars Wouldn't you want to have a full title search to make sure you've got good security absolutely yes, yes, so if you decided to go the cheap route Whose whose fault is the error I? Would I guess an answer to your question would be the person who decided to save a little money sometimes you Action you get what you pay for sometime And and on that issue, I I do know that That it appears that Wells Fargo In its affirmative defenses, and I'm referring to Wells Fargo's affirmative defenses page 3 paragraph 6 Indicates that they were unaware And I'll just read this here This is again page 3 paragraph 6 of Wells Fargo's answer and affirmative defenses filed in October 19 2009 When proceeds from the Wells Fargo note and a mortgage were dispersed Wells Fargo was unaware of the bank champagne mortgage plaintiff now seeks to foreclose and Understood and believed at that time the real estate was only encumbered by the city mortgage period Right there, and that's straight out of Wells Fargo's please they know either That's what they're saying that's what they're saying And that mortgage was used to pay off the earlier That's what the record indicates. Yes So at least the McWilliams the pocket 750,000 You there's there's nothing in the record to indicate that the McWilliams pocketed $750,000 no absolutely So quite frankly your honors, it's our position that the trial court Got it right when the trial court Found that That the ABN mortgage and the Revere mortgage simply were not properly executed by proper parties and The mortgage executed in favor of bank champagne by the trust Was the proper mortgage that should be enforced and we're asking that this court Respectfully affirm the decision of the trial court. Thank you counsel. Thank you. Mr.. Penny any rebuttal sir Okay I really mean it when I say I intend to be brief Bank champagne says form really matters we say no it doesn't Intent matters, that's what that's what the cases that we have cited in our briefs say it's the intent It's the individual who signs the document Here's I didn't articulate this concern better earlier, but when you say intent matters That has to be based upon full knowledge of all the parties for instance Intent would matter And it would be merely an oversight the first mortgage if ABN understood they were dealing with the trust and The parties the McWilliams failed to sign as trustee But it said for instance trust you know this would McWilliams trust in the top But how can it be said intent matters when? There's no reason to think ABN understood. It was dealing with a trust at all well their intent was to Make a mortgage to get a mortgage to get a security interest in the real estate That's the mortgage and the intent of mr.. And mrs.. McWilliams was to give one But doesn't when you talk about the intent of the equitable mortgages doesn't it mean more than that doesn't mean almost kind of like a mistake of fact or in Omission of no significance everyone knew what they were dealing with and they wanted the same goal whereas here There was no intent by The bank to deal with people didn't technically own the property Surely if they understood that they would have said you know let's put in this trust Sure, they understood if they had the right Title work they understood it should have done it wrong certainly appears to me And I don't have any personal knowledge of it appears to me somebody ABN screwed up, and they didn't get the document yes But that being said it was still everybody everybody that was not involved had the same intent Well, but you see that goes back to my Joe Smith business. They're gonna walk them off the street on the mortgage It would have been the intent of a BN to give him the mortgage and his intent to sign for it even though he owned Nothing and take 250 and walk away the difference being that the McWilliams has had the capacity to pledge that ground as trustees Which Sounds very familiar Right well, I'm still I'm trying to struggle council. This is all kind of new for me and Hey what what about mr.. Chandler's point by the way on one hand maybe bank champagne should be criticized for not picking this up, but Wills Fargo or was it Revere earlier missed it too surely you're not going to be Refinancing the ABM mortgage if you realize wait a second there a couple of conflicting mortgages on this property already Yeah, but I think there's I mean how is it true that most of the cases are here The only reason we're here is because there's been a lot of screw Yeah You're exactly right Thanks, but only hire lawyers to worry about these things it wouldn't have these problems, right right, but if we didn't have these problems Mr.. Chandler, and I wouldn't be here. Yeah, really doing that you know no billable hours if everyone's doing it, right? Thank you nothing else. Thank you You